```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
_____

IOLA FORD, on behalf of deceased   )
husband HAYWARD FORD, and IOLA FORD )
                                   )
     Plaintiffs,                   )
                                   )
v.                                 )
                                   )      No. 05-2320 Ma/V
EVANS DELIVERY and JOHN DOE II,    )
                                   )
     Defendants.                   )
                                   )
_____

               ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
_____
```

Before the court is Defendant Evans Delivery's ("Evans Delivery") Motion to Dismiss filed on July 5, 2005. Plaintiff Iola Ford ("Ford") filed a response on September 6, 2005. For the following reasons, Defendant's motion is GRANTED.

**I. Background**

On March 26, 2004, Hayword and Iola Ford were injured in Memphis, Tennessee, in a collision with a semi-truck owned by Evans Delivery and driven by Defendant John Doe II ("Doe"). (Compl. 2.) Ford alleges that Doe negligently failed to stop at a stop sign, causing the collision. (Id. at 3.) As a result, both Hayword and Iola Ford suffered injuries, and Hayword Ford died, allegedly because of the injuries he received from the accident. (Id.)

On March 28, 2005, counsel for Ford attempted to initiate a judicial proceeding, asserting causes of action for personal injury and wrongful death, by placing a complaint in the court's night depository. (Pl.'s Resp. 2.) She included a filing fee of $150 with the complaint. (Id.) On March 29, 2005, an employee of the District Court Clerk's office called Ford's counsel to inform her that the complaint would not be docketed because, on February 8, 2005, the filing fee for civil cases in the federal district court had increased to $250. (Id.) The complaint was returned by mail to the office of Ford's counsel. (Id.) Although Ford's contentions about her attempt to file a complaint on March 28, 2005, are not formally before the court because they are not found on the face of the complaint or submitted in the form of a sworn affidavit, the court will assume them to be true for purposes of considering the issue of equitable tolling.

Ford filed the same complaint, with the correct filing fee, on May 2, 2005. Ford also filed a Motion for Docketing of Complaint as of March 28, 2005, pursuant to Rule 3 of the Federal Rules of Civil Procedure and for Leave to Tender Remainder of Cost as of March 29, 2005.

**II. Jurisdiction and Applicable Law**

Ford is a citizen and resident of Tennessee.  Evans Delivery

is alleged to be a Mississippi business entity.[1] Because the amount in controversy exceeds $75,000, the court has diversity jurisdiction under 28 U.S.C. § 1332.

As a diversity action, the substantive law governing this case is state rather than federal law although federal law governs procedural issues. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). A federal district court is required to apply the "choice of law" rules of the state in which it sits. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); Cole v. Mileti, 133 F.3d 433, 437 (6th Cir. 1998). "Otherwise the accident of diversity of citizenship would constantly disturb equal administration of justice in coordinate state and federal courts sitting side by side." Klaxon, 313 U.S. at 496. Therefore, this court must apply the Tennessee rule to determine which jurisdiction's law to apply.

In tort cases, the Tennessee rule is the doctrine of *lex*

---

[1] Although Ford has also brought claims against Doe, the inclusion of an unnamed defendant does not destroy diversity jurisdiction. Ford has alleged that Doe is a citizen of a state other than Tennessee. Unless the court allows an amendment to the complaint to replace Doe with a real person, the allegations against Doe are surplusage and do not affect diversity. See Dunn v. Paducah Int'l Raceway, 599 F. Supp. 612, 613 n.1 (D.C. Ky. 1984) (where plaintiffs at least stated that Doe defendants were citizens of other state and there was no indication that addition of Doe defendants was means of artificially obtaining federal jurisdiction, inclusion of Doe defendants was surplusage and did not affect jurisdiction); Hannah v. Majors, 35 F.R.D. 179 (W.D. Mo. 1964) (denying motion to dismiss for lack of diversity where state of residence of Doe defendants was not stated in complaint because Doe defendant allegations are surplusage until complaint is amended to name real defendants); see also 28 U.S.C. § 1441(a) (citizenship of citizens sued under fictitious names disregarded in determining diversity of citizenship for purposes of removal); Derungs v. Wal-mart Stores, Inc., 162 F. Supp. 2d 861, 863 n.4 (S.D. Ohio 2001) (removal based on diversity of citizenship proper although it was likely that John Doe defendants were citizens of same state as plaintiffs).

*loci delicti*, which applies the substantive law of the state where the injury occurred. Hataway v. McKinley, 830 S.W.2d 53, 55 (Tenn. 1992).  Therefore, because any injury to the Fords is alleged to have occurred in Tennessee, the court will apply Tennessee substantive law.

### III. Standard for Dismissal Under Rule 12(b)(6)

"Under the liberal notice pleading rules, a complaint need only put a party on notice of the claim being asserted against it to satisfy the federal rule requirement of stating a claim upon which relief can be granted." Memphis, Tenn. Area Local, Am. Postal Workers' Union, AFL-CIO v. City of Memphis, 361 F.3d 898, 902 (6th Cir. 2004). When considering a motion to dismiss for failure to state a claim, the court regards all factual allegations in the complaint as true. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). Further, the court must construe the complaint in the light most favorable to the plaintiffs." Memphis, Tenn. Area Local, Am. Postal Workers' Union, 361 F.3d at 902. If the plaintiff can prove no set of facts that would entitle her to relief based on a viable legal theory, the claim will be dismissed. Scheid, 859 F.2d at 437.

"The Federal Rules of Civil Procedure do not require a claimant to set out in detail all the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47 (1957). "To avoid

dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim." Wittstock v. Mark A. Van Sile, Inc., 330 F.3d 899, 902 (6th Cir. 2003). "Dismissal of a complaint because it is barred by the statute of limitations is proper when the statement of the claim affirmatively shows that the plaintiff can prove *no* set of facts that would entitle him to relief." Gibson v. Am. Bankers Ins. Co., 289 F.3d 943, 946 (6th Cir. 2002) (emphasis in original) (internal quotation marks and citation omitted).

**IV. Analysis**

In a diversity action, "if a plea of the statute of limitations would bar recovery in a State court, a federal court ought not to afford recovery." Guaranty Trust Co. v. York, 326 U.S. 99, 110 (1945). Under Tennessee law, claims for personal injury and for wrongful death have a one-year statute of limitations. Tenn. Code Ann. § 28-3-104(1) (2000); Jones v. Black, 539 S.W. 2d 123, 125 (Tenn. 1976). In a tort action brought under Tennessee law, "the cause of action accrues and the statute of limitations commences to run when the injury occurs or is discovered, or when in the exercise of reasonable care and diligence, it should have been discovered." McCrosky v. Bryant Air Conditioning, 524 S.W. 2d 487, 491 (Tenn. 1975). Therefore, Evans Delivery contends that, because the Fords' injuries occurred on March 26, 2004, at the time of the accident, any

claims arising from those injuries had to be filed by March 28, 2005.[2] This case, however, was not filed until May 2, 2005, when the appropriate filing fee was paid.

Under Fed. R. Civ. P. 3, a civil action commences when the complaint is filed. In the Sixth Circuit, "it is proper for a district court to deem a complaint 'filed' only when [in forma pauperis] status is granted or the appropriate filing fee is paid, rather than at the time a complaint is delivered to the clerk of a court." Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998). Therefore, under Rule 3, the complaint was not filed until May 2, 2005, when it was submitted to the clerk with the appropriate filing fee. There is no legal basis for Ford's request, in her Motion for Docketing of Complaint as of March 28, 2005, that the court backdate the complaint.

Ford contends, however, that equitable tolling should apply because she originally filed her complaint on March 28, 2005, but the complaint was returned to her for failure to pay the full filing fee. Although Ford paid a $150 filing fee on March 28, 2005, she asserts that neither she nor her counsel was aware that, as of February 8, 2005, the filing fee for civil actions

---

[2] March 26, 2005, was a Saturday. Therefore, under both the Federal and Tennessee Rules of Civil Procedure, the time for filing would have been extended to the next business day, Monday, March 28, 2005. Fed. R. Civ. P. 6(a); Tenn. R. Civ. P. 6.01.

had been increased to $250.[3]

In determining whether equitable tolling is appropriate, a court should consider five factors: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988).

Although Ford's attorney asserts that she had no actual knowledge of the filing fee increase, attorney error is an inadequate basis for equitable tolling. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 98 (1990) (no equitable tolling where lawyer's failure to meet deadline was "at best a garden variety claim of excusable neglect"); Martin v. Hurley, 150 Fed. Appx. 513, 516 (6th Cir. 2005) (lawyer's failure to advise party of filing deadline in AEDPA case not a basis for equitable tolling); Jurado v. Burt, 337 F.3d 638, 644 (6th Cir. 2003); but see Griffin v. Rogers, 399 F.3d 626, 637 (6th Cir. 2005) (lawyer's error not sufficient to prevent equitable tolling because law at issue, the Antiterrorism and Effective Death Penalty Act ("AEDPA"), was unclear).

---

[3] The filing fee for civil actions in federal district court is set forth in 28 U.S.C. § 1914(a). The law was amended on Dec. 8, 2004 to increase the filing fee from $150 to $250, and the amendment became effective on February 8, 2005.

Further, "it is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling." Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir. 1991); see also Martin, 150 Fed. Appx. at 516 (lack of knowledge of filing deadline not sufficient for equitable tolling); Warren v. Lewis, 365 F.3d 529, 532 n.2 (6th Cir. 2004) (although not reaching issue of equitable tolling, court expressed "grave doubt" as to appropriateness of equitable tolling where party failed to pay filing fee when complaint was filed solely on basis of ignorance of law); Archer v. Sullivan County, Tenn., 129 F.3d 1263 (tbl.), 1997 WL 720406, at *4 (6th Cir. Nov. 14, 1997) (finding statute itself provided constructive notice that plaintiff's rights were violated and of filing deadline and ignorance of law was not sufficient for equitable tolling); but see McMurray v. Scutt, 136 Fed. Appx. 815, 817 (6th Cir. 2005) (ignorance of filing deadline reasonable given unstable and unsettled nature of the AEDPA at crucial time of mistake); Griffin, 399 F.3d at 637 (same).

For many years, the rule in this circuit has been that the appropriate filing fee must be paid before a complaint is deemed filed. Ford's sole basis for requesting equitable tolling is that her counsel was ignorant of the correct filing fee when she originally attempted to file the complaint on March 28, 2005. The amendment changing the filing fee had been enacted more than three and a half months earlier and had been in effect for more

8

than a month and a half.  Unlike the AEDPA, 28 U.S.C. § 1914 is not unclear. Therefore, the court finds that equitable tolling would not be appropriate in this case.

Iola Ford's injuries occurred on March 26, 2004, and therefore, the time period for filing an action for personal injury expired on March 28, 2005.  Because the statute of limitations had run on her personal injury claim on May 2, 2005, when this action was filed, that claim is dismissed.

As to the claim for wrongful death, however, Ford asserts that the time period for the statute of limitations did not begin to run until August 30, 2004, the date of Hayword Ford's death. In the alternative, she argues that the time began to run on June 23, 2004, the date the Fords discovered the severity of Hayword Ford's injuries, which they had previously believed to be minimal.

The Tennessee statute creating the cause of action for wrongful death, Tenn. Code Ann. § 20-5-113, is a survival statute. Jones, 539 S.W. 2d at 125.  The statute does not create a new right of action, but merely preserves the personal injury claim that the deceased would have had if he had not died. Rogers v. Donelson-Hermitage Chamber of Commerce, 807 S.W. 2d 242, 245 (Tenn. Ct. App. 1990). "[T]he statute of limitations begins to run, *at the latest*, with the death of the decedent." Johnson v. Metro. Gov't of Nashville & Davidson County, 665 S.W. 2d 717, 718

(Tenn. 1984) (emphasis added).  "Where one suffers personal injuries in an accident and death later occurs, whether directly or indirectly caused by those injuries, the one-year statute of limitations runs from the date of the injury; not from the date of death." Hooper v. State Farm Mut. Auto. Ins. Co., 682 S.W. 2d 505, 507 (Tenn. Ct. App. 1984); see also Fowlkes v. Nashville & Decatur R.R. Co., 56 Tenn. 829 (1876) (cause of action accrues at time of injury and time period does not begin again when injured party dies).  Therefore, the court finds that the date of injury, not the date of death, is dispositive in determining whether Hayward Ford's cause of action for wrongful death was barred by the one-year statute of limitations.

Considering the argument that the extent of Hayword Ford's injuries was not discovered until June 23, 2004, the court notes that these facts are not in the complaint, only in Ford's response to the Motion to Dismiss.  Fed. R. Civ. P. 9(f) states that averments of time and place are material for testing the sufficiency of a complaint.  The only time stated in Ford's complaint is March 26, 2005.

Although the statute of limitations is an affirmative defense, "it is not true, when the face of the complaint affirmatively indicates that the time limit for bringing the claim has passed, that plaintiff may escape the statute by saying nothing." Hoover v. Langston Equip. Assocs., Inc., 958 F.2d 742, 745 (6th Cir. 1992). Because the only possible starting date for the statute of limitations to be found in Ford's complaint is

10

March 26, 2005, the court dismisses Ford's claim for wrongful death as time barred.

**V. Conclusion**

Defendant's Motion to Dismiss is GRANTED.

So ordered this ____ day of December 2005.

_____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE